UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICK CANTRELL,

    Petitioner,

v.                                        CASE NO. 5:10-cv-483-Oc-10TBS

WARDEN, FCC COLEMAN-USP-1,

    Respondent.
_____/

**ORDER**

    Before the Court is an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 by Rick Cantrell ("Petitioner") (Doc. 7, filed October 8, 2010).  Petitioner is an inmate presently confined at the Federal Correctional Complex in Coleman, Florida.  He brings this action to challenge the aggregate sentence imposed for his 2007 convictions in the U.S. District Court for the Western District of Missouri for possession with intent to distribute methamphetamine, conspiracy to manufacture methamphetamine, possession of a firearm by a convicted felon and unlawful user of controlled substances, and using and carrying a firearm during a drug trafficking crime (*United States v. Cantrell*, W. D. Mo. 6:04-cr-03127-RED-2).[1]

    Petitioner argues that: (1) he is actually innocent of a career offender enhancement because he has only one prior violent felony (Doc. 7 at 3); (2) a jury should have decided the necessary facts to impose an enhanced sentence (Doc. 7 at 11); and (3) the Government's proof establishing his prior conviction for burglary was legally insufficient (Doc. 7 at 11-12).

    Respondent urges the Court to dismiss the petition without further proceedings as a second 21 U.S.C. § 2255 motion, filed without permission from the Eighth Circuit Court of

---

[1] Docket entries in W. D. Mo. Criminal Case No. 6:04-cv-03127-RED-2 will be referred to as "Cr. Doc. at ___."

Appeals (Doc. 10, filed December 6, 2010). Respondent also argues that even if the petition is not procedurally barred, it fails on the merits because Petitioner's prior conviction for second degree burglary was clearly a crime of violence (Doc. 10 at 14). After carefully reviewing the amended petition, response, reply, and the underlying criminal file, the Court concludes that the instant petition should be dismissed as an improper filing under § 2241.

**I.      Background and Procedural History**

On November 17, 2004, Petitioner was charged in a four-count superseding indictment with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (count one); conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 (count two); possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c) (count three); and possession of a firearm by a convicted felon and unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(1) and (3) and § 924(a)(2) (count four) (Cr. Doc. 19).

On April 10, 2007, a jury found Petitioner guilty of the offenses charged in counts one, two, and four of the superseding indictment (Cr. Doc. 149). At sentencing, Petitioner objected to the use of his 1988 Missouri conviction for second degree burglary as a predicate violent felony for career offender enhancement purposes because the broad Missouri burglary statute was not limited to burglary of a dwelling (Doc. 7 at 26). The district court determined that Petitioner was a career offender under *U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.1 because the burglary conviction constituted a "crime of violence" under U.S.S.G. § 4B1.2. The district court imposed a sentence of 262 months imprisonment for Counts I and II, and a concurrent 120–month sentence for Count IV (Cr. Doc. 170).

On August 23, 2007, Petitioner filed a notice of appeal with the Eight Circuit Court of

Appeals, arguing, *inter alia*, that the district court erred in determining that he was subject to an increased range of punishment as a career offender under U.S.S.G. § 4B1.1 because his 1988 Missouri burglary conviction did not constitute a crime of violence under the career offender provision of § 4B1.1. *United States v. Cantrell*, 530 F.3d 684, 696 (8th Cir. 2008). The Eighth Circuit denied the claim, determining that the offense qualified as a crime of violence because it involved "conduct that presents a serious potential risk of physical injury to another," within the meaning of § 4B1.2(a). *Id.* at 696.

On June 17, 2009, Petitioner filed a motion under 28 U.S.C. § 2255 in the United States District Court for the Western District of Missouri (W. D. Mo. Case No. 6:09-cv-3210-RED). In the motion, Petitioner argued that he was denied due process of law when he did not receive a hearing to challenge a prior conviction used to enhance his sentence. The motion was denied on April 21, 2010. *Cantrell v. United States*, 2010 WL 1663421 (W.D. Mo. April 21, 2010).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 17, 2010 (Doc. 1) which he amended on October 8, 2010 (Doc. 5).

**II.    Discussion**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because Petitioner's second § 2255 motion was denied by "the court which imposed [his] sentence" (Cr.

Doc. 225), Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission ... before filing a successive § 2255 motion").

Because Petitioner is barred from filing another motion under § 2255, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Petitioner argues that he is entitled to file a § 2241 petition because the savings clause provision of § 2255(e) applies to the instant case (Doc. 13 at 6-7). Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met to utilize the savings clause to seek habeas relief. *See*

4

*Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[2]

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims."). For the reasons explained below, Petitioner has failed to satisfy the *Wofford* requirements.

### 1. Petitioner Has Not Identified a Retroactively Applicable Supreme Court Decision Establishing That He Was Convicted of a Non-Existent Offense

Petitioner points to *Begay v. United States*, 553 U.S. 137 (2008) as a retroactively applicable Supreme Court decision establishing that he "is not now, nor has he ever been a career offender." (Doc. 7 at 5). Petitioner claims that he was improperly sentenced as a career offender because, following *Begay*, second degree burglary under Missouri Statute § 569.170 is no longer a qualifying predicate violent felony under U.S.S.G. § 4B1.2(a). Specifically, Petitioner argues that burglary is not a crime of violence because it does not involve the kind of "purposeful, violent, and aggressive conduct" as the enumerated crimes considered to be "crimes of violence" under § 4B1.2(a)(2) (Doc. 7 at 7).

A person convicted of a crime of violence or controlled substance offense is a career offender if he was at least eighteen years old at the time he committed the offense of conviction, and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). As relevant here, § 4B1.2(a)(2) defines "crime of violence" as including "any offense under federal or state law, punishable by

---

[2]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

imprisonment for a term exceeding one year, that ... is a burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." This second category of crimes are sometimes referred to as the residual clause crimes. Petitioner does not contest that his 1988 conviction for shooting into a dwelling is a qualifying violent felony for enhancement purposes. Rather, the qualifying predicate felony at issue is a 1988 conviction for second degree burglary in Wright County, Missouri for which Petitioner pleaded guilty and was sentenced to two years in prison (Doc. 7 at 28).[3]

To the extent Petitioner argues that his generic burglary conviction was not a qualifying predicate violent felony under § 4B1.2 because the broader Missouri burglary statute does not require that burglary be "of a dwelling" as does § 4B1.2, the claim fails. While not an enumerated violent felony, the Eighth Circuit has repeatedly held that generic burglary is a violent felony under the residual clause of § 4B1.2(a)(2).[4] *See, e.g., United States v. LeGrand*, 468 F.3d 1077, 1081-82 (8th Cir. 2006) (generic burglaries are included in the "otherwise involves" provision of § 4B 1.2(a)(2)); *United States v. Bell*, 455 F.3d 1086 (8th Cir. 2006)(any generic burglary is a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2)); *United States v. Olthoff,*

---

[3] Under Missouri law, a person commits a second degree burglary, "when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170. An "inhabitable structure " includes any vehicle or structure where people live, carry on business, assemble, or spend the night. *See* Mo.Rev.Stat. § 569.010(2).

[4] Petitioner raised this claim, minus the *Begay* argument, on direct appeal and the Eighth Circuit determined that Petitioner's second degree burglary conviction constituted a crime of violence under the residual clause of § 4b1.2 because, "regardless of whether the 'inhabitable structure' Cantrell unlawfully entered was a house, car, boat, airplane, or other 'inhabitable structure,' there existed the risk of a violent confrontation between Cantrell and the occupant, the police, or another party." *Cantrell*, 530 F.3d at 695-96.

437 F.3d 729, 732 (8th Cir. 2006)(burglary of unoccupied ski resort office a crime of violence).[5] The Eight Circuit's conclusion is supported by the Supreme Court's decision in *James v. United States*, which held that the Armed Career Criminal Act's ("ACCA's") "otherwise involves" provision encompasses attempted burglary because an attempted burglary poses the same kind of risk of "face-to-face confrontation between the burglar and a third party" as a completed burglary. 550 U.S. 192, 203-205, (2007).[6]

Petitioner does not explain how *Begay*, which determined that felony driving while intoxicated is not a "violent felony" for purposes of the ACCA, supports his position or invalidates the Eighth Circuit's analysis. In *Begay*, the Supreme Court considered whether felony DWI is a violent felony under the ACCA's "otherwise involves" residual provision. The Court held that "serious potential risk of injury to another" was necessary, but not sufficient, to satisfy the residual clause because the enumerated crimes implied that the residual clause applied only to *similar* crimes, rather than every crime that presents a serious potential risk of physical injury to another. 553 U.S. at 142.

It is unnecessary for this Court to analyze Petitioner's prior conviction for burglary under *Begay* for two reasons. First, the Eighth Circuit and the majority of other circuits that have addressed the issue have determined that a *Begay* analysis is necessary only for strict liability,

---

[5]Although Petitioner's § 2241 petition is properly filed in the Eleventh Circuit because he is incarcerated in Florida, the law of the judicial circuit of conviction is the law that is applied to a prisoner's § 2241 petition seeking vacation of a conviction. *See In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Zuniga v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D.Il. 2001).

[6] The Eleventh and Eighth Circuits have noted that the definition of "violent felony" under the ACCA is virtually identical to the definition of "crime of violence" under the career offender guideline. *United States v. Archer*, 531 F.3d 1347, 1350-52, n.1 (11th Cir. 2008); *United States v. Furqueron*, 605 F.3d 612 (8th Cir. 2010) ("We recognize the term 'violent felony' under the ACCA as synonymous with the term 'crime of violence' under § 4B1.2"). Thus, the *Begay* analysis applies to both "violent felonies" under the ACCA and "crimes of violence" under the career offender guideline.

negligence, or recklessness crimes. *See United States v. Watson*, 650 F.3d 1084, 1093 (8th Cir. 2011) ("[P]rovided the felony at issue is not 'akin to strict liability, negligence, or recklessness crimes,' it qualifies as a crime of violence under the residual clause if it is 'as a categorical matter, similar in risk to the listed crimes.' " (quoting *Sykes v. United States*, 131 S.Ct. 2267, 2275–76 (2011))); *United States v. Chitwood*, 676 F.3d 971 (11th Cir. 2012) ("Offenses that are not strict liability, negligence, or recklessness crimes qualify as crimes of violence under U.S.S.G. § 4B1.2(a)(2)'s residual clause if they categorically pose a serious potential risk of physical injury that is similar to the risk posed by one of the enumerated crimes."). Therefore, a *Begay* inquiry into whether Petitioner's conviction for burglary, which is not a strict liability, negligence, or recklessness crime, was "purposeful, violent, and aggressive" is unnecessary.

Next, the Eighth Circuit has specifically determined that *Begay* did not question the Supreme Court's decision in *James*, and did not undermine the Eighth Circuit's burglary precedents. *United States v. Stymies*, 581 F.3d 759, 768 (8th Cir. 2011)("nothing in *Begay* . . . suggests that an offense this similar to an enumerated offense, which presents the same kind of risk of violent confrontation recognized in *James*, would be classified differently than the attempted burglary at issue in *James*). Accordingly, *Begay* is not a retroactively applicable Supreme Court decision that satisfies the first *Wofford* requirement.

### 2. A Motion Pursuant to 28 U.S.C. § 2255 Was Adequate to Address Petitioner's Other Claims

Petitioner does not explain how he was foreclosed from raising at trial, on appeal, or in his first § 2244 motion, a claim challenging the district court's determination of the necessary facts to impose an enhanced sentence. Petitioner's argument that the government offered

insufficient proof of his prior burglary conviction at sentencing is procedurally barred for the same reason. Because Petitioner was not "squarely foreclosed" from raising these claims at sentencing, on appeal, or in his first § 2255 motion, Petitioner's second and third claims do not satisfy the third *Wofford* requirement necessary to utilize § 2255's savings clause to seek habeas relief under § 2241.

### III.   Conclusion

In sum, Petitioner cannot satisfy the three-pronged test set forth in *Wofford*, and the savings clause of § 2255(e) does not apply to his claims. Therefore, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. Because, Petitioner has previously filed a § 2255 petition and has not received permission from the Eighth Circuit to file another, the instant action is a successive petition, and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Rick Cantrell is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgement against Cantrell, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 12th day of June, 2012.

UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 6/12
Rick Cantrell

9